RECEIVED AUG - 8 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-1599
(To be supplied by the court)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 18 2005

GREGORY C. LANGHAM
CLERK

ROSANNA J. MATHER, Plaintiff,

v.

DENNIS L. FLINT,

,

,

,

,

,

,

, Defendant(s).

(List each named defendant on a separate line.)

---

**COMPLAINT**

---

## PARTIES

1. Plaintiff ROSANNA J. MATHER is a citizen of THE U.S.A who presently resides at the following address:
1925 STEVENS GULCH RD PAONIA, CO 81428 PO BOX 1617 PAONIA, CO 81428

2. (AGENT) + DEFENDANT + (PLAN ADMINISTRATOR) ~~Defendant~~ DENNIS L. FLINT is a citizen of THE U.S.A who live(s) at or is/are located at the following address:
HIGH COUNTRY HEALTH CARE 620 MAIN STE #12 FRISCO, CO 80443

3. ~~Defendant HIGH COUNTRY HEALTH CARE is a citizen of who live(s) at or is/are located at the following address: HIGH COUNTRY HEALTH CARE 620 MAIN ST SUITE #12 FRISCO, CO 80443~~

(Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:
SEC. 4980 B INTERNAL REVENUE CODE
ERISA SEC. 502 (7) US DEPARTMENT OF LABOR
ERISA SEC. 503 [14,929C]

5. Briefly state the background of your case:
ON JULY 8TH 2004 JUDGE EDWARD CASIAS STATED THAT SUMMIT COUNTY COURT WAS UNSURE OF ITS JURISDICTIONAL AUTHORITY TO DETERMINE MY CASE WHICH IS BASED UPON AN ALLEGED COBRA VIOLATION.
DENNIS L. FLINT WHO IS THE PLAN ADMINISTRATOR ALSO KNOWN AS THE AGENT FOR HIGH COUNTRY HEALTH CARE FAILED TO SATISFY CONTINUATION COVERAGE REQUIREMENTS OF GROUP HEALTH PLAN WITHIN ALLOTTED TIME FRAME.

CORRECTION #2 ABOVE
DEFENDANT DENNIS L. FLINT

**FIRST CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

THIS COURT HAS JURISDICTION OVER FEDERAL CLAIMS UNDER COBRA AND ERISA LAWS.

1 I ROSANNA MATHER WAS AN EMPLOYEE OF HIGH COUNTRY HEALTH CARE FROM MAY 2002 TO AUG 5TH, 2002.

2 AS AN EMPLOYEE, I WAS A MEMBER OF A BENEFITS PLAN.

3 THIS BENEFIT IS GOVERNED BY PROVISIONS OF ERISA AND COBRA.

4 I AM ENTITLED TO CERTAIN RIGHTS WHICH ARE LAWS PASSED BY CONGRESS-

5 RIGHTS BEING THAT THE PLAN ADMINISTRATOR FAILED TO NOTIFY ME OF MY HEALTH BENEFITS WITHIN THE ALLOTTED TIME FRAME. E.R.I.S.A. SEC 502 (7) U.S.A. D.O.L.

**REQUEST FOR RELIEF**

Plaintiff requests the following relief:

I HAVE BEEN DAMAGED THERE FORE REQUEST FOR RELIEF. THE PLAN ADMINISTRATOR DENNIS FLINT BREACHED THE DUTIES PROVIDED BY INTERNAL REVENUE CODE PURSUANT TO UNCOMPLIANCE OF THE COBRA AND ERISA NOTICE REQUREMENTS.

I REQUEST FOR RELIEF PRE JUDGEMENT INTEREST AND POST JUDEMENT INTEREST.

I REQUEST FOR RELIEF COST AND WHATEVER OTHER RELIEF THE COURT DEEMS APPROPRIATE.

Date: JULY 20TH 2005

[signature]
(Plaintiff's Original Signature)

19253 STEVENS GULCH RD
(Street Address)

PAONIA, CO 81428
(City, State, ZIP)

(970) 527-4398
(Telephone Number)

MAILING:
P.O. BOX 1617
PAONIA, CO
81428

USA DISTRICT COURT FOR THE DISTRICT OF CO ATTN: PLAINTIFF ROSANNA J. MATHER VS DEFENDANT DENNIS L. FLINT RELEASING THIS INFO TO

| County Court, Summit County, State of Colorado<br>Court Address: P.O. Box 185, Breckenridge, CO 80424 | |
|---|---|
| Rosanna Mather,<br>Plaintiff,<br><br>v.<br><br>Dennis Flint,<br>Defendant, | ♦ COURT USE ONLY ♦ |
| Attorney or Party Without Attorney: (Name & Address)<br>Rosanna Mather<br>Post Office Box ~~1473~~<br>Breckenridge, CO 80424<br>Dennis Flint<br>Post Office Box 1292<br>Frisco, CO 80443 | Case Number:<br>03 S124<br><br>Division: C |

COURT'S FINDINGS AND RULING

This case involves an action against High Country Health Care ("High County") by a former employee. Ms. Mather's employment relationship with High County was terminated on August 5, 2002. As a employee of High Country, Ms. Mather was given an employee manual addressing, among other items, a terminated employee's right to COBRA insurance coverage. In the manual, the COBRA insurance requirements are explained. The employee must have participated in High Country's health plan for at least one day. The employee must complete all COBRA paperwork provided by the insurance carrier within 60 days of termination or separation. The employee must pay the full cost of the insurance premium, plus an administrative fee to the COBRA department of the insurance carrier by the first of each month.

Ms. Mather stated that she did not receive any information regarding COBRA until November of 2002. Mr. Flint, CEO of High Country Health Care, stated that the information was mailed to Ms. Mather during October 2002, but Ms. Mather was at a different location and did not receive her mail until November 2002. Mr. Flint provided a copy of the letter from ChoiceNet/INTERCARE dated October 15, 2003. The letter explains the requirements for Ms. Mather to obtain COBRA insurance coverage. The date of the mailing shows a date that was outside of the 60 day time period established by High Country's employee manual. The October 15th letter does state that Ms. Mather eligibility for insurance coverage is retroactive to August 5, 2002. Ironically, a letter was sent to Ms. Mather on October 3, 2002 providing information to her about her terminated health insurance. No explanation was given as to why the COBRA paperwork was not also mailed to her on that same date.

During the time between August 5, 2002 and October 15, 2002, Ms. Mather had medical issues requiring physician visits. Ms. Mather stated that she made those visits and received care, but was awaiting the COBRA paperwork from High Country's

75 MISSY CLERK
KATE CLERK
8-12
1-4
8-3
45 DAYS

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT WAS MAILED TO

DENNIS L. FLINT

_____________ (defendant(s) or counsel for defendant(s))

at HCHC (address) on UNKNOWN, 2005 → WAITING FOR CASE TO BE FILED HOPE FULLY TO BE MAILED AUG 30, 2005

620 MAIN ST STE # 12
FRISCO, CO 80443

Plaintiff's Original Signature

[signature]

USA DISTRICT COURT FOR THE DISTRICT OF CO PLAINTIFF ROSANNA J. MATHER VS DEFENDANT DENNIS L. FLINT

insurance provider. When she finally did receive the paperwork, she noticed the date was beyond the sixty day time period mentioned in the employee manual. Because the time frame in the employee manual had lapsed, she did not complete the paperwork. Ms. Mather also alleged High County failed to follow the deadlines established by the COBRA legislation. Those guidelines require the employer notify plan administrators of a qualifying event (termination) within thirty days of the event. Once plan administrators have been notified of a qualifying event, the administrator must provide an election notice to the qualified beneficiary (employee) within 14 days of receiving notice of the employee's termination. These requirements are explained in the U.S. Department of Labor, Pension and Welfare Benefits Administration pamphlet titled, "Health Benefits Under the Consolidated Omnibus Budget Reconciliation Act of 1986." From the information provided in the pamphlet, it appears the plan administrator has 45 days from the date of the termination to notify the ex-employee of their right to select COBRA coverage.

Mr. Flint raised the issue that this may be a case for a federal court. This court was unsure of its jurisdictional authority to determine a case based upon an alleged COBRA violation. Under COBRA, a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C.A. § 1132 (1)(b). The COBRA statute also gives state courts of competent jurisdiction authority to hear actions brought by an ex-employee. 29 U.S.C.A. § 1132(e). As the amount of the claim is below the court jurisdictional limit of $7,500.00, this court does have jurisdiction to hear the allegation that High Country violated its employee manual regarding COBRA insurance coverage.

The paperwork given to Ms. Mather is conflicting. Her employee manual indicated that she must select COBRA coverage within 60 days of termination. This was impossible to achieve as COBRA paperwork from High Country's insurance provider was not mailed to her until 71 days after her termination. The medical visits for which she is seeking payment occurred before she received the COBRA information from High Country's health insurance provider.

As High County failed to adhere to the provisions of their own employee manual, the Court determines that Ms. Mather is entitled to recover the medical costs incurred by her. Regarding the fine of $110.00 a day, the language of the statute indicates the fine may be imposed by the Secretary of United States Department of Labor, not by the Court. See ERISA Sec. 502 (7). As the language granting the penalty indicates the Secretary is to impose any fine, the court does not have statutory authority to impose any such fine.

PURSUE! DISTRICT

The Court determines Ms. Mather is entitled to the following monies. For services incurred on August 22, 2002 and September 10, 2003, she is entitled to receive whatever portion of the $1,330.20 medical costs incurred by her would have been paid by insurance if she had selected COBRA coverage. If that amount is not calculated and submitted to the Court within 45 days from the date of receipt of this order, the full amount will be due and owing. She sought recovery for medical services incurred on August 1, 2002, in the amount of $185.00, but on that date she was employed and covered by High Country's health plan. As determined at the hearing on May 7, 2004,

?

MAY AUG

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT WAS MAILED TO

DENNIS L. FLINT

_____________ (defendant(s) or counsel for defendant(s))
at HCHC (address) on ~~UNKNOWN~~ 20 05 PERHAPS AUG 30, 2005
620 MAIN ST. STE #12
FRISCO, CO 80443

Plaintiff's Original Signature

[signature]

USA DISTRICT COURT FOR THE DISTRICT OF CO PLAINTIFF ROSANNA J. MATHER VS DEFENDANT DENNIS L. FLINT

the judgment is against High Country Health Care and not Dennis Flint as an individual. Ms. Mather is also entitled to recover her costs of $100.00.

Dated: July 8, 2004

Edward J. Casias
Summit County Court Judge

SUMMIT COUNTY COURT BRECKENRIDGE, COLORADO

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT WAS MAILED TO

DENNIS L. FLINT

_____________ (defendant(s) or counsel for defendant(s))

at HCHC (address) on UNKNOWN 2005
620 MAIN ST STE #12
FRISCO, CO
80443

Plaintiff's Original Signature

[signature]

High Country Health Care, P.C.
Quality Health Care For The Mountains

U S A DISTRICT COURT FOR THE DISTRICT OF CO PLAINTIFF ROSANNA J. MATHER VS DEFENDANT DENNIS L. FLINT

**Office Locations**

☐HCHC - Breckenridge
400 N. Park, Ste. 1-A
P.O. Box 930
Breckenridge, CO 80424
(970) 547-9200
(970) 547-4585 fax

☐Frisco Family Practice
101 W. Main St., Ste. 103
P.O. Box 653
Frisco, CO 80443
(970) 668-5584
(970) 668-0990 fax

☐HCHC - Dillon
103 Main St.
P.O. Box 5535
Dillon, CO 80435
(970) 468-1003
(970) 262-2196 fax

☐HCHC - South Park
824 Castello
P.O. Box 760
Fairplay, CO 80440
(719) 836-1900
(719) 836-3283 fax

☐Summit OB-GYN
0018 Cy. Rd, 1030, Ste. 250
P.O. Box 2849
Frisco, CO 80443
(970) 668-5771
(970) 668-2197 fax

Filed in the Combined Courts
SUMMIT COUNTY
SEP 15 2004
JANICE L. REED, CLERK
BY ______ DEPUTY

September 9, 2004

The Honorable Edward Casias
Summit County Court
Fifth Judicial District of Colorado
P.O. Box 185
Breckenridge, CO 80424

RE: Case #03S124, Rosanna Mather v. Dennis Flint

Your Honor:

Per our request, we have received documentation from Ms. Mather regarding her medical claims for August 22, 2002 and September 10, 2002. While the information received did indicate that payments were due from Ms. Mather it did not include all of the information that we needed to properly adjudicate the claims.

However, I have provided a summary of the documents along with copies for your review. Our best calculations indicate that the medical bills from the two dates of service total $1195.73. This number is lower than $1,330.20 for the medical bills plus the $100 court fees outlined in Court's Findings and Ruling (July 8, 2004). The reason that this is lower is that as part of our health plan we received discounted services from "participating providers" in the Sloans Lake PPO Network. If Ms. Mather had been covered under the plan we would have received these discounts. See summary for details.

Additionally, as the plan sponsor of the High County Health Care plan, we are entitled to collect 2 months of COBRA premiums for August and September of 2002. The COBRA monthly premium for a single employee during this period of time was $234.60 or $469.20 for two months.

We believe that we should provide Ms. Mather a check in the amount of $725.53, the balance of the claims after COBRA premiums.

I respectfully request guidance from you as to the appropriate amount that should be paid to Ms. Mather. Thank you for your ruling on this matter.

If you have questions or concerns please contact me at 970-668-1796.

Sincerely,

Dennis Flint
Chief Executive Officer
High Country Health Care, P.C.

/Enclosures

~~LETTER~~ STATUTE LIMIT IT "UP TO JUDGE ~~FILE~~ = 44 DAY FED DISTRICT = CIVIL COURT FILE - SEPT - EAREST OCT - LATEST

As your agency failed to provide the necessary paperwork to have Ms. Mather eligible for the COBRA plan in a timely fashion, you are not allowed to collect the COBRA premium! Ct. orders amount of $ 1,195.73 to be paid plus filing fee and costs of $100.00

JUDGE: Edward J. Casias 9/15/04

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT WAS MAILED TO

DENNIS L. FLINT
(defendant(s) or counsel for defendant(s))
at HCHC (address) on UNKNOWN 2005 WAITING FOR CASE TO BE FILED. HOPEFULLY TO BE MAILED AROUND AUG 30, 2005
620 MAIN ST STE 12
FRISCO, CO
80443

Plaintiff's Original Signature [signature]

·· ·2. 2004 11:11AM No.0843 P. 2

ChoiceNet/[illegible]CARE
Health Plans, Inc.

USA DISTRICT COURT FOR THE DISTRICT OF CO
PLAINTIFF ROSANNA J. MATHER VS DEFENDANT DENNIS L. FLINT

COPY

October 15, 2002

ROSANA MATHER
756 CRYSTAL PEAK DR
LAKE GEORGE CO 80827

MEMBER NAME: MATHER, ROSANA
GROUP NO: 11101004
MEMBER SSN: 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

Dear ROSANA

Federal COBRA law allows you to continue group health benefits for you and your covered dependents under HIGH COUNTRY HEALTH CARE PC at your expense for a period of up to 18 months from the benefit termination date of 08/05/2002 . If the Social Security Administration determines that you or one of your dependents were disabled at the time of the qualifying event or became disabled during the first 60 days of continuation coverage and you inform us of the determination before the end of the 18 months, coverage may be extended for an additional 11 months.

At this time, you are technically without coverage. If you would like to continue group health coverage for you and/or your dependents, please complete the enclosed COBRA Election Form and return it to the address at the top of the form within 60 days of the date of this letter. Your spouse, if covered as of the date of the qualifying event, has the right to make a separate election of continuation him/herself and any covered dependent if you decline coverage for yourself. Should continuation be elected, the effective date of the benefits will be retro-active to 08/05/2002 .

The monthly cost of the benefits for the current plan year are on the election form. You must pay all premiums due retroactive to 08/05/2002 within 45 days of the date that you elect continuation coverage. Failure to pay the retroactive amount due within 45 days will render your election invalid and coverage will not be continued.

Payment in full and immediately available funds should be made out to HIGH COUNTRY HEALTH CARE PC and mailed to ChoiceNet at

PO Box 76150
Colorado Springs, CO 80970-6150.

Please include your ID number, group number and month paying for on your check.

Future premiums are due by the 5th of each month thereafter and should be mailed on or before the due date. Payments must be postmarked by the last day of the coverage month. Failure to pay premiums in full and immediately available funds by the end of the grace period (last day of the coverage month) will terminate your participation in the group health plan. Once coverage is terminated, it cannot be reinstated.

If you have any questions, please feel free to contact us toll-free at 1-877-321-4412

Sincerely,

ChoiceNet MAS

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT WAS MAILED TO

DENNIS L. FLINT (defendant(s) or counsel for defendant(s)) at HCHC (address) on UNKNOWN, 2005 → WAITING FOR CASE TO BE FILED HOPEFULLY TO BE MAILED AUG 30, 2005

620 MAIN ST STE #12
FRISCO, CO
80443

Plaintiff's Original Signature

Rosary [signature]



High Country Health Care, P.C.

Quality Health Care For The Mountains

USA DISTRICT COURT FOR THE DISTRICT OF CO PLAINTIFF MATHER ROSANNA J. VS DEFENDANT DENNIS L. FLINT

May 6, 2004

The Honorable Edward Casias
Summit County Court
Fifth Judicial District of Colorado
P.O. Box 185
Breckenridge, CO 80424

RE: Case #03S124, Rosanna Mather v. Dennis Flint

Your Honor:
I am writing to you regarding the above case as the Chief Executive Officer of High Country Health Care. This is the second time that Ms. Mather has filed a claim against my organization. The first was October of 2003, which Ms. Mather indicated to me was being vacated. Please reference the letter that I sent to you in October of 2003 indicating that per my counsel, Ms. Mather's claim for $3,080 for the ERISA violation should be transferred to Federal Court, since this matter is regulated under ERISA (Employee Retirement Income & Security Act).

Ms. Mather's claim for $3,080 is based upon the regulation's maximum penalty of up to $110 per day for failure to provide notice of a qualified beneficiary's COBRA rights. I have enclosed copies of the required COBRA termination notice from our plan administrator along with proof of mailing, as proof that we did notify Ms. Mather of her rights. Based upon this information we believe that Ms. Mather's request is not warranted. This notice was sent to Ms. Mather at her last known address. In this letter Ms. Mather is informed of her rights to continue participation in our employee health plan retroactive to the last date of her coverage, August 5, 2002.

Further, Ms. Mather's claim that her medical bills, in the amount of $1,466.20, were not covered under our employee health plan "due to the fact that my elected COBRA insurance was not in affect" is completely false. As I indicated above Ms. Mather was provided her rights. In order for Ms. Mather to elect coverage she was informed to complete the COBRA election form and return it to our plan administrator. Ms. Mather never returned a completed election form to our office or to our administrator. If she had completed and returned the COBRA election form and subsequently paid the appropriate premiums retroactively to August 5, 2002, her claims from August 22, 2002 and September 10, 2002 would have be covered at the appropriate levels.

Based upon the above information it is my belief that Ms. Mather has no claim against myself, or my organization. Thank you in advance for your consideration in this matter.

Sincerely,

Dennis L. Flint, CEO
High Country Health Care, P.C.

D.F. PO BOX 1292

HCHC D.F. ADMINISTRATION 620 MAIN ST SUITE # 12 FRISCO 80443

↑ BALANCE SHEET

## Office Locations

- HCHC - Breckenridge
  400 N. Park, Ste. 1-A
  P.O. Box 930
  Breckenridge, CO 80424
  (970) 547-9200
  (970) 547-4585 fax
- Frisco Family Practice
  101 W. Main St., Ste. 103
  P.O. Box 653
  Frisco, CO 80443
  (970) 668-5584
  (970) 668-0990 fax
- HCHC - Dillon
  103 Main St.
  P.O. Box 5535
  Dillon, CO 80435
  (970) 468-1003
  (970) 262-2196 fax
- HCHC - South Park
  824 Castello
  P.O. Box 760
  Fairplay, CO 80440
  (719) 836-1900
  (719) 836-1902 fax
- Summit OB-GYN
  0018 Cty. Rd. 1030, Ste. 250
  P.O. Box 2849
  Frisco, CO 80443
  (970) 668-5771
  (970) 668-2197 fax

970 668-1791

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT WAS MAILED TO

DENNIS L. FLINT

______________ (defendant(s) or counsel for defendant(s))

at HCHC (address) on UNKNOWN 20 05

620 MAIN ST STE #12

FRISCO, CO

80443

Plaintiff's Original Signature

[signature]

USA DISTRICT COURT FOR THE DISTRICT OF CO

PLAINTIFF ROSANNA J. MATHER VS

DEFENDANT DENNIS L. FLINT

authority only if he determines that such violation affects, or such enforcement is necessary to protect, claims of participants or beneficiaries to benefits under the plan.

(2) The Secretary shall not initiate an action to enforce section 515.

(3) The Secretary is not authorized to enforce under this part any requirement of part 7 against a health insurance issuer offering health insurance coverage in connection with a group health plan (as defined in section 706(a)(1)). Nothing in this paragraph shall affect the authority of the Secretary to issue regulations to carry out such part.

Act Sec. 502. (c)(1) Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 606 or section 101(e)(1) with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

(2) The Secretary may assess a civil penalty against any plan administrator of up to $1,000 a day from the date of such plan administrator's failure or refusal to file the annual report required to be filed with the Secretary under section 101(b)(4). For purposes of this paragraph, an annual report, that has been rejected under section 104(a)(4) for failure to provide material information shall not be treated as having been filed with the Secretary.

(3) Any employer maintaining a plan who fails to meet the notice requirement of section 101(d) with respect to any participant or beneficiary or who fails to meet the requirements of section 101(e)(2) with respect to any person may in the court's discretion be liable to such participant or beneficiary or to such person in the amount of up to $100 a day from the date of such failure, and the court may in its discretion order such other relief as it deems proper.

(4) The Secretary may assess a civil penalty of not more than $1,000 for each violation by any person of section 101(f)(1).

(5) The Secretary may asses a civil penalty against any person of up to $1,000 a day from the date of the persons' failure or refusal to file the information required to be filed by such person with the Secretary under regulations prescribed pursuant to section 101(g).

(6) If, within 30 days of a request by the Secretary to a plan administrator for documents under section 104(a)(6), the plan administrator fails to furnish the material requested to the Secretary, the Secretary may assess a civil penalty against the plan administrator of up to $100 a day from the date of such failure (but in no event in excess of $1,000 per request). No penalty shall be imposed under this paragraph for any failure resulting from matters reasonably beyond the control of the plan administrator.

(7) The Secretary may assess a civil penalty against a plan administrator of up to $100 a day from the date of the plan administrator's failure or refusal to provide notice to participants and beneficiaries in accordance with section 101(i). For purposes of this paragraph, each violation with respect to any single participant or beneficiary shall be treated as a separate violation.

(8) The Secretary and the Secretary of Health and Human Services shall maintain such ongoing consultation as may be necessary and appropriate to coordinate enforcement under this subsection with enforcement under section 1144(c)(8) of the Social Security Act.

Act Sec. 502. (d)(1) An employee benefit plan may sue or be sued under this title as an entity. Service of summons, subpoena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan. In a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon the Secretary shall constitute such service. The Secretary, not later than 15 days after receipt of service under the preceding sentence, shall notify the administrator or any trustee of the plan of receipt of such service.

(2) Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title.

USA DISTRICT COURT FOR THE DISTRICT OF CO

PLAINTIFF ROSANNA J. MATHER

DEFENDANT DENNIS L. FLINT

**Part 2570, Subpart E—Redesignated as Subpart A of Part 2575 and Reserved [64 FR 42245, August 3, 1999]**

**Part 2575, Subpart A—Adjustment of Civil Penalties Under ERISA Title 1**

**[¶ 14,929A]**

**§ 2575.100 In general.**

Section 3720E of the Debt Collection Improvement Act of 1996 (the Act, Pub. L. 104-134, 110 Stat. 1321-373) amended the Federal Civil Penalties Inflation Adjustment Act of 1990 (the 1990 Act, Pub. L. 101-410, 104 Stat. 890) to require generally that the head of each federal agency adjust the civil monetary penalties subject to its jurisdiction for inflation within 180 days after enactment of the Act and at least once every four years thereafter [Redesignated as ERISA Reg. Sec. 2575.100, 64 FR 42245, August 3, 1999].

**[¶ 14,929B]**

**§ 2575.209b-1 Adjusted civil penalty under section 209(b).**

In accordance with the requirements of the 1990 Act, as amended, the amount of the civil monetary penalty established by section 209(b) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), is hereby increased from $10 for each employee to $11 for each employee. This adjusted penalty applies only to violations occurring after July 29, 1997 [Redesignated as ERISA Reg. Sec. 2575.209b-1, 64 FR 42245, August 3, 1999].

**[¶ 14,929C]**

**§ 2575.502c-1 Adjusted civil penalty under section 502(c)(1).**

In accordance with the requirements of the 1990 Act, as amended, the maximum amount of the civil monetary penalty established by section 502(c)(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), is hereby increased from $100 a day to $110 a day. This adjusted penalty applies only to violations occurring after July 29, 1997 [Redesignated as ERISA Reg. Sec. 2575.502c-1, 64 FR 42245, August 3, 1999].

**[¶ 14,929D]**

**§ 2575.502c-2 Adjusted civil penalty under section 502(c)(2).**

In accordance with the requirements of the 1990 Act, as amended, the maximum amount of the civil monetary penalty established by section 502(c)(2) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), is hereby increased from $1000 a day to $1100 a day. This adjusted penalty applies only to violations occurring after July 29, 1997 [Redesignated as ERISA Reg. Sec. 2575.502c-2, 64 FR 42245, August 3, 1999].

**[¶ 14,929E]**

**§ 2575.502c-3 Adjusted civil penalty under section 502(c)(3).**

In accordance with the requirements of the 1990 Act, as amended, the maximum amount of the civil monetary penalty established by section 502(c)(3) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), is hereby increased from $100 a day to $110 a day. This adjusted penalty applies only to violations occurring after July 29, 1997 [Redesignated as ERISA Reg. Sec. 2575.502c-3, 64 FR 42245, August 3, 1999].

**[¶ 14,929F]**

**Part 2575, Subpart B—Reserved [Added and Reserved, 64 FR 42245, August 3, 1999].**

**[¶ 14,929G]**

**Part 2575, Subpart C—Reserved [Added and Reserved, 64 FR 42245, August 3, 1999].**

**[¶ 14,929H]**

**Part 2575, Subpart D—Reserved [Added and Reserved, 64 FR 42245, August 3, 1999].**

## CLAIMS PROCEDURE

**[¶ 14,930]**

Act Sec. 503. In accordance with regulations of the Secretary, every employee benefit plan shall—

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT WAS MAILED TO

DENNIS L. FLINT
(defendant(s) or counsel for defendant(s))
at HCHC (address) on UNKNOWN, 20 05
620 MAIN ST STE #12
FRISCO, CO
80443

Plaintiff's Original Signature

Rosann M [signature]